MURDOCK, Justice
(concurring in the rationale in part and concurring in the result). ■ •
I agree that the ore tenus standard applies to our review of the present case. I express no view, however, as to whether, if this Court had not decided Queen v. Belcher, 888 So.2d 472 (Ala.2003), based upon questions of the inadmissibility of certain evidence decided under a de novo standard, a de novo standard of review nonetheless would have been appropriate;- I likewise refrain from expressing any view as to whether or how the present case might be distinguishable from Queen in the foregoing regard.
I also write separately to comment briefly on the statement in the main opinion that the “other partners who were parties to [the partnership] agreement, ... should they desire to do so, ... may continue the partnership insofar as they are concerned.” 39 So.3d at 1036. Given the facts presented and the arguments made to us in this particular. case, I have no trouble agreeing with this statement. In a given case, it may be that the continued efficacy of the partnership agreement is not dependent merely upon the “desire” of the remaining partners to continue-in that agreement. For example, in a given case, terms or conditions attendant to-the continuation or dissolution of the partnership may be required by principles of law pertaining to partnerships or their dissolution and/or certain equitable principles. We are not presented in the record or in the briefs of this particular case, however, with facts or arguments in this regard that would dissuade me from agreeing with the statement that the remaining partners’ continued participation in the partnership will be a function merely of their “desire to do so.” Instead, the arguments presented are focused on whether the partnership agreement is to be considered void ab initio, thereby requiring the “unraveling” of all the transactions in which the partnership has participated over the past almost 14 years.
By the same token, I do not rule out the possibility that, in a given case, a conservator such as the one here may not be entitled, in his sole discretion, simply to “elect to withdraw ... assets and end ... participation,” 39 So.3d at 1036, in a partnership, he., to make that decision unfettered by considerations of principles of law pertaining to partnerships and their dissolution and/or equitable principles.[5] Again, such is not the focus of the issue as framed in the present case. Therefore, I am comfortable for purposes of this case in agreeing that the conservator may simply elect to withdraw assets and end Olon’s participation in the partnership if in the reason *1040 able exercise of his discretion he deems that course to be in Olon’s best interest.

. " 'Where the contract is made on fair terms and the other party is without knowledge of the mental illness or defect, the power of avoidance ... terminates to the extent that the contract has been so performed in whole or in part, or the circumstances have so changed that avoidance would'be unjust. In such a case, a court may grant relief as justice requires.’ ”
J. William Callison & Maureen Sullivan, Partnership Law & Practice § 5:4 (2007) (quoting Restatement (Second) Contracts § 15 (1979) (emphasis added)).